O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREA GOOD, | ) | Case No. CV 08-03944 DDP (AGRx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT FUJI** |
| | ) | **FIRE & MARINE INSURANCE CO.,** |
| v. | ) | **LTD.'S MOTION TO DISMISS** |
| | ) | |
| FUJI FIRE AND MARINE | ) | [Motion filed on July 28, 2008] |
| INSURANCE CO., LTD., NORIO | ) | |
| SUGAWARE, TAKAYA HANADA, THE | ) | |
| JAPANESE MINISTRY OF | ) | |
| JUSTICE, THE JAPANESE | ) | |
| FINANCIAL SERVICES AGENCY, | ) | |
| THE JAPANESE MINISTRY OF | ) | |
| TRANSPORTATION, THE NON-LIFE | ) | |
| INSURANCE RATING | ) | |
| ORGANIZATION OF JAPAN | ) | |
| (SONGAIHOKEN RYOURITSU | ) | |
| SANSHUTSU KIKOU SAPPORO | ) | |
| BRANCH), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant Fuji Fire &
Marine Insurance Co. Ltd.'s ("Fuji") Motion to Dismiss Plaintiff's
complaint for (1) lack of personal jurisdiction pursuant to Federal
Rule of Civil Procedure 12(b)(2); (2) improper venue (forum non
conveniens) pursuant to Rule 12(b)(3); and insufficient service of
process pursuant to Rule 12(b)(5). After reviewing the materials

1  submitted by the parties and hearing oral argument, the Court

2  grants the motion to dismiss for lack of personal jurisdiction.

3  **I.        BACKGROUND**

4      Plaintiff Andrea Good ("Good") is a United States citizen who

5  has been living and working in Japan, where she resides with her

6  husband, a Japanese citizen, and children. Compl. at 4.  She also

7  alleges that she has resided in Santa Fe, New Mexico during period

8  relevant to this lawsuit. Id. All of the defendants in this action,

9  including the moving party in this motion, are domiciled or

10 centered in Japan. Fuji is a Japanese corporation engaged in the

11 insurance business.

12     While in Japan, Good and her husband were injured in a car

13 accident. Id. at 4. The police report found that the other driver,

14 Defendant Takaya Hanada, was responsible for the crash. Id. at 5.

15 Hanada's insurance company, Defendant Fuji, initially denied that

16 it insured Hanada, but corrected its information one week later.

17 Id. at 5-6. After Hanada filed suit in Japanese court seeking

18 declaratory judgment, Good and her husband cross-complained and

19 litigated fault for the accident in Japan. Both Good and her

20 husband were awarded monetary damages in that action, but they

21 appeal the judgment there. Fujiwara Decl. ¶ 2.

22     Good, appearing pro se, subsequently filed this suit. Her

23 complaint seeks relief for the actions of the various defendants in

24 the aftermath of the accident as she sought compensation for her

25 personal and property injuries. She asserts claims for fraud and

26 negligent misrepresentation, malicious prosecution and conspiracy

27 to commit malicious prosecution, and intentional and negligent

28 infliction of emotional distress. Good seeks compensatory damages

1  not less than $1.5 million, punitive damages not less than $10

2  million, and an order that Fuji's business be suspended.

3      In this motion, Fuji moves to dismiss the case on three

4  alternative grounds pursuant to Federal Rule of Civil Procedure

5  12(b). First, Fuji argues that this Court lacks personal

6  jurisdiction over it. Fed. R. Civ. P. 12(b)(2). Second, Fuji argues

7  that this case should be dismissed on forum non conveniens grounds.

8  Fed. R. Civ. P. 12(b)(3). And third, Fuji argues that the court

9  should dismiss the complaint for lack of proper service of

10 process.[1]

11 **II.       DISCUSSION**

12      **A.   Personal Jurisdiction**

13           1.   <u>Legal Standard</u>

14      Federal Rule of Civil Procedure 12(b)(2) provides that a court

15 may dismiss a suit for lack of personal jurisdiction. "When a

16 defendant moves to dismiss for lack of personal jurisdiction, the

17 plaintiff bears the burden of demonstrating that the court has

18 jurisdiction over the defendant." <u>Pebble Beach Co. v. Caddy</u>, 453

19 F.3d 1151, 1154 (9th Cir. 2006). "When a district court acts on a

20 motion to dismiss without holding an evidentiary hearing, the

21 plaintiff need only make a prima facie showing of jurisdictional

22 facts to withstand the motion." <u>Doe v. Unocal Corp.</u>, 248 F.3d 915,

23

24      [1]The Court does not find it necessary to reach this third
25 ground. During oral argument, however, the plaintiff argued that
   Fuji had conceded jurisdiction or waived service of process by
26 making its motion to dismiss and appearing in court. Because Fuji
   appeared only for the limited purpose of making its motion to
27 dismiss for lack of personal jurisdiction, *forum non conveniens*,
   and improper service, Fuji did not waive these issues. <u>See, e.g.</u>,
28 <u>Lewellen v. Morley</u>, 909 F.2d 1073, 1077 (7th Cir. 1990). <u>See also</u>
   Federal Rule of Civil Procedure 12(h).

1  922 (9th Cir. 2001). A district court may rely on affidavits

2  submitted by the parties. Id. A court takes a plaintiff's

3  uncontroverted version of the facts as true for these purposes. Id.

4  "Likewise, conflicts between the facts contained in the parties'

5  affidavits must be resolved in plaintiffs' favor for the purposes

6  of deciding whether a prima facie case for personal jurisdiction

7  exists." Id. (internal quotation marks and brackets omitted).

8            2.   Substantive Personal Jurisdiction Standard

9       Courts have the power to exercise personal jurisdiction to the

10 extent authorized by the state in which they sit. Whether the

11 exercise of personal jurisdiction is appropriate requires a

12 determination that state law allows personal jurisdiction (through

13 its long-arm statute) and that due process requirements have been

14 met. Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir.

15 1988). Because California's long-arm statute authorizes personal

16 jurisdiction coextensive with the Due Process Clause of the United

17 States Constitution, see Cal. Civ. Code § 410.10, this Court need

18 only determine whether the exercise of personal jurisdiction over

19 Fuji satisfies that standard.

20      Constitutional due process turns on whether the defendants'

21 contacts with the forum state are of such a quality and nature that

22 the defendants could reasonably expect "being haled into court

23 there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).

24 Due process is satisfied "when in personam jurisdiction is asserted

25 over a non-resident corporate defendant that has certain minimum

26 contacts with [the forum] such that maintenance of the suit does

27 not offend traditional notions of fair play and substantial

28 justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466

4

1  U.S. 408, 414 (1984) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326

2  U.S. 310, 326 (1945).

3        3.  <u>Minimum Contacts</u>

4      In applying the minimum contacts test for personal

5  jurisdiction, a court may obtain either general or specific

6  jurisdiction.

7        a.  *General Jurisdiction*

8      A non-resident defendant is subject to general jurisdiction in

9  a forum if the defendant has engaged in "substantial" or

10  "continuous and systematic" contacts with the state. <u>Bancroft &</u>

11  <u>Masters, Inc. v. Augusta Nat. Inc.</u>, 223 F.3d 1082, 1086 (9th Cir.

12  2000). Where general jurisdiction is present, a non-resident

13  defendant "can be haled into court in that state in any action,

14  even if the action is unrelated to those contacts." <u>Id.</u>

15      In asserting that personal jurisdiction exists, Good primarily

16  relies on the presence of an American Fuji Office in Los Angeles.

17  <u>See</u> Opp. at Ex. A (Fuji Fire & Marine Ins. Co., Ltd. 2006 Annual

18  Report p.38). Fuji's 2006 Annual Report lists a "Representative

19  Office" in Los Angeles, "c/o American Fuji." <u>Id.</u> American Fuji is a

20  wholly-owned subsidiary of Fuji Fire. Hasuike Decl. ¶ 3. American

21  Fuji has been authorized to transact business with the State of

22  California since 1991, and its business in California consisted

23  primarily of writing insurance policies. <u>Id.</u> at ¶ 5.

24      By virtue of its office in Los Angeles and business conducted

25  in California, American Fuji may have sufficient contacts with

26  California to be subject to personal jurisdiction. American Fuji's

27  contacts are not automatically imputed to Fuji, however. "It is

28  well-established that a parent-subsidiary relationship alone is

5

1  insufficient to attribute the contacts of the subsidiary to the
2  parent for jurisdictional purposes." Harris Rutsky & Co. Ins.
3  Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1134 (9th Cir.
4  2003). Rather, the general rule is that a parent and subsidiary are
5  separate entities. Id. There are two exceptions to this general
6  rule, however: "a subsidiary's contacts may be imputed to the
7  parent where the subsidiary is the parent's alter ego, or where the
8  subsidiary acts as the general agent of the parent." Id.
9      To satisfy the alter ego exception, Good must make out a prima
10 facie case that (1) Fuji and American Fuji have such a unity of
11 interest and ownership that the separate personalities no longer
12 exits and (2) the failure to disregard their separate identities
13 would result in fraud or injustice. Id. (citing Doe, 248 F.3d at
14 926). To satisfy the agency test, Good must make a prima facie
15 showing that American Fuji represents Fuji "by performing services
16 sufficiently important to [Fuji] that if it did not have a
17 representative to perform them, [Fuji] would undertake to perform
18 substantially similar services." Id.
19     Good does not make a showing on either exception. Rather, the
20 evidence before the Court as to the relationship between Fuji and
21 American Fuji counsels to the contrary. Although American Fuji is a
22 wholly owned subsidiary of Fuji Fire, the two companies maintain
23 distinct corporate identities. Hasuike Decl. ¶ 3. The relationship
24 between the two companies is governed by contract, whereby American
25 Fuji performs some services for Fuji's Japanese customers while
26 they are in the United States, and pays American Fuji for those
27 services. Hasuike Decl. Ex. A. The contract governing the two
28 companies' relationship provides that the "services to be provided

1    by American Fuji shall be limited to the services set forth above.

2    The parties hereby agree that American Fuji shall not solicit

3    business, issue policies, settle claims, conclude contracts, or

4    make business decisions on behalf of Fuji Fire." Id. at 1-2. Even

5    liberally construing the facts suggested by 2006 Annual Report

6    excerpt in Good's favor, the list of Fuji Representative Offices is

7    not enough to make out a prima facie case of either alter ego

8    status or agency. Accordingly, there are not minimum contacts

9    sufficient to give rise to personal jurisdiction here.

10                   b.   *Specific Jurisdiction*

11        Where a defendant does not have "systematic and continuous"

12   contacts with a forum state to establish general jurisdiction, a

13   non-resident defendant's contacts with the forum state may still

14   provide a basis for specific jurisdiction.  Specific jurisdiction

15   requires a plaintiff show that (1) the non-resident defendant

16   purposefully directed its activities at forum residents or

17   purposefully avails itself of the privilege of conducting

18   activities in the forum; (2) the claim arose out of or resulted

19   from the non-resident defendant's forum-related activities; and (3)

20   the exercise of jurisdiction is reasonable. Bancroft &

21    Masters, Inc. v. Augusta Nat'l Inc., 233 F.3d 1082, 1086 (9th Cir.

22   2000).

23        Specific jurisdiction is not available here. Even if the Court

24   were to assume that Fuji purposefully availed itself of California

25   through its relationship with its subsidiary, American Fuji,

26   plaintiff in no way alleges that any of the actions at issue in her

27   suit arose out of, or have a "substantial connection" to that

28   activity. See Hanson v. Denckla, 357 U.S. 235, 250-53 (1958).

7

**B.    Forum non conveniens**

Having found that it does not have personal jurisdiction over Fuji, the Court need not consider Fuji's other defenses. However, even if it has personal jurisdiction over Fuji, the complaint should be dismissed for improper venue.

1.   <u>Legal Standard for Forum Non Conveniens</u>

A court may grant a motion to dismiss on forum non conveniens if the moving party shows (1) that there is an adequate alternative forum and (2) that the balance of private and public interest factors favor dismissal. <u>Dole</u>, 303 F.3d at 1118.

2.   <u>Adequate Alternative Forum</u>

An adequate alternative forum exists when defendants are amenable to service in the foreign forum and provides the plaintiff with a sufficient remedy for the defendant's wrong. <u>Id.</u> Whether the alternative forum's substantive law is less favorable to the plaintiff than her chosen forum is usually irrelevant to the determination of an adequate alternative forum. <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 254 (1981). To be inadequate, the remedy must be "clearly unsatisfactory," such as where the forum does not permit litigation on the subject matter in dispute. <u>Id.</u> at n.22; <u>see Lueck v. Sundstrand Corp.</u>, 236 F.3d 1137, 1144 (9th Cir. 2001). Procedural differences are not enough to make the alternative forum inadequate. <u>Lockman Found. v. Evangelical Alliance Mission</u>, 930 F.2d 764, 768 (9th Cir. 1991).

Here, Fuji has established that Japan is an adequate alternative forum. Fuji is amenable to service of process in Japan; indeed, it has already engaged in litigation with Good in that forum. Additionally, Good can bring her post-accident claims in

1   Japan, under Japanese law. Fujiwara Decl. ¶¶ 4-5. Cf. Lockman, 930

2   F.2d at 769 n.8.

3           3.   Convenience Factors

4           Fuji has also shown that the private and public interest

5   factors balance heavily in favor of Japan as the appropriate forum

6   for this action. The private interest factors include (1) the

7   relative ease of access to sources of proof; (2) the availability

8   of compulsory process; and (3) practical issues "that make trial of

9   a case easy, expeditious, and inexpensive." Piper Aircraft, 454

10  U.S. at 241 n.6. Public interest factors include (1) judicial

11  efficiency; (2) local interest in having local controversies

12  decided at home; (3) the unfairness of burdening citizens in an

13  unrelated forum with jury duty; and (4) the interest in having the

14  trial of a diversity case in a forum that is at home with the law

15  that must govern the action. Id.

16          Here, the convenience factors point overwhelmingly in favor of

17  the alternative forum. With regard to private interest factors, all

18  of the witnesses and evidence regarding the Fuji conduct at issue

19  in this case is located in Japan. Yoshida Decl. ¶ 8. The entirety

20  of the events at issue in this case occurred in Japan. Compl. at 4-

21  12. With regard to public interest factors, the interests of

22  California citizens in deciding this case are minimal, and the

23  burden on the Court and the potential jurors of litigating the case

24  with foreign witnesses, evidence, and insurance law, would be

25  great.

26          Accordingly, even giving the plaintiff's choice of forum

27  deference, the "balance of conveniences suggests that trial in the

28  chosen forum would be unnecessarily burdensome" for both Fuji and

1    the Court. <u>Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.</u>, 918

2    F.2d 1446, 1449 (9th Cir. 1990).

3    **III.        CONCLUSION**

4         For the foregoing reasons, the Court grants Fuji's motion to

5    dismiss for lack of personal jurisdiction. Alternatively, the Court

6    grants Fuji's motion on *forum non conveniens* grounds.

7

8    IT IS SO ORDERED.

9

10

11   Dated: September 23, 2008           _____

12                                        DEAN D. PREGERSON
                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28